IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In re**

**EASTERN VAULT COMPANY, INC.,**            **Case No. 1:24-bk-10025**

        **Debtor.**                               **Chapter 7**

### DECLARATION OF ELLEN CAPPELLANTI IN SUPPORT OF THE TRUSTEE'S APPLICATION TO EMPLOY JACKSON KELLY PLLC AS SPECIAL COUNSEL IN ADMINISTRATIVELY CONSOLIDATED CASES

I, Ellen Cappellanti, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a member of the law firm of Jackson Kelly PLLC ("Jackson Kelly").[1] I am one of the lead attorneys from Jackson Kelly representing the Trustee in this case. I am a member in good standing of the Bar of the State of West Virginia, and I am admitted to practice before the United States District Court for the Southern District of West Virginia, as well as this Court. There are no disciplinary proceedings pending against me.

2. I submit this declaration (the "Declaration") in support of the *Application of Robert L. Johns, Chapter 7 Trustee, to Retain and Employ Jackson Kelly PLLC as Special Counsel* (the "Application") in the above-captioned case.[2]

3. To the best of my knowledge, except as set forth herein, the members, counsel, associates, and other attorneys of Jackson Kelly are "disinterested persons" as that term is defined

---

[1] Capitalized terms used but not otherwise defined in this Declaration shall have the meaning set forth in the Application.

[2] Subsidiaries of the Debtor also filed petitions. *See MST Concrete Products, Inc.*, Case No. 1:24-bk-10026; *Seminole Precast, LLC*, Case No. 1:24-bk-10027; *Dellinger Precast, Inc.*, Case No. 1:24-bk-10028; *Winchester Building Supply Company, Inc.*, Case No. 1:24-bk-10029; and *Precast Supply Company, Inc.*, Case No. 2:24-bk-20074. It is my understanding that the Trustee intends to file motions seeking to administratively consolidate the separate matters and designating this proceeding as the main case for administrative purposes.

1

4858-0513-1197.v1

in section 101(14) of the Bankruptcy Code and do not hold or represent any interest adverse to the Debtor's estate.

4. Jackson Kelly is qualified to represent the Trustee as special counsel in this Chapter 7 case for the limited purpose of assisting the Trustee in (i) investigating, recovering, and liquidating property of the Estate, (ii) investigating, avoiding, and recovering pre-petition and post-petition transfers; (iii) evaluating claims and objecting to claims; and (iv) fulfilling his obligations, duties, and responsibilities under the Bankruptcy Code. Jackson Kelly is willing to accept employment on the basis set forth herein and in the Application.

5. Jackson Kelly agrees to accept compensation on an hourly basis at the following hourly rates, plus expenses:

    a.     $550 for member, Ellen Cappellanti;

    b.     $365 for member, Angela Beblo; and

    c.     $500 for member, James R. Alsop.

6. Jackson Kelly cannot anticipate all of the actions that may be required during the pendency of the case and may require additional assistance from attorneys, associates, and paraprofessionals in this case, as appropriate, that are not listed above. Jackson Kelly's hourly rates are set at a level designed to compensate Jackson Kelly fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. For example, Jackson Kelly increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority.

7. These hourly rates are consistent with the rates that Jackson Kelly charges other comparable clients in bankruptcy matters, regardless of the jurisdiction in which the bankruptcy case is filed.

8. It is Jackson Kelly's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Jackson Kelly's policy to charge its clients only the amount actually incurred by Jackson Kelly in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, and lodging.

9. Jackson Kelly will file fee applications and obtain orders from this Court prior to payment of fees and expenses, with the understanding that the payment of Jackson Kelly's fees and expenses are contingent upon approval by the Court.

10. Pursuant to Bankruptcy Rule 2016(b), Jackson Kelly has neither shared nor agreed to share (a) any compensation it has received or may receive from the Trustee with any other party or person, other than with Jackson Kelly's professionals or (b) any compensation another person or party has received or may receive, except as permitted under section 504(b)(1) of the Bankruptcy Code.

11. Based on information from the Debtor's filings, the Debtor's affiliates' filings, and the Trustee, Jackson Kelly compiled a list of potential parties-in-interest, including:

- the Debtor, its affiliates, and all business names used by the Debtor or its affiliates (Eastern Vault Company, Inc., Evercast, American Block Company, MST Concrete Products, Inc., Martin Septic Tank Co., Inc., Seminole Precast, LLC, Seminole Precast Acquisition Co., LLC, Dellinger Precast, Inc., Dellinger Septic Tank Company, Inc., Winchester Building Supply Company, Inc., Winchester Precast, and Precast Supply Company, Inc.);

3

4858-0513-1197.v1

- Debtor's counsel, Ryan Johnson;

- all secured, priority unsecured, unsecured creditors, and notice parties listed on the Debtor's and its affiliates Schedules D, E, and F, totaling 632 entities; and

- all entities listed on Schedules G and H not otherwise listed in Debtor's and its affiliates' Schedules, totaling 24 entities.

12. 668 names were searched. Collectively, all of the names specifically or generally identified in Paragraph 11 are the "Potential Parties-in-Interest."

13. In preparing this Declaration, I relied upon information brought to my attention pursuant to procedures Jackson Kelly used to evaluate compliance with the requirements of the Bankruptcy Code and Bankruptcy Rules regarding the retention of professionals by a debtor (the "Internal Review Procedures"). Pursuant to the Internal Review Procedures, Jackson Kelly has taken the following actions to identify the parties relevant to this Affidavit and to ascertain Jackson Kelly's connection to such parties:

- Jackson Kelly compiled a list of Potential Parties-in-Interest.

- Jackson Kelly compared each of the Potential Parties-in-Interest to Jackson Kelly's master records database from its conflict clearance system, which includes all current clients (and former clients going back at least five years) for which any attorney time charges have been billed (the "Records Database"). The Records Database is regularly updated for each new client and matter undertaken by Jackson Kelly.

- Any matches between the Records Database and the Potential Parties-in-Interest indicating an open matter with a current client were identified (the "Client Match List").

4

4858-0513-1197.v1

- Jackson Kelly then reviewed the Client Match List and conducted further inquiry to ascertain whether the clients listed are the same parties on the list of Potential Parties-in-Interest and, if so, whether (a) the matter is a current, open file and (b) whether that matter relates to issues presented in this case.

14. To the best of my knowledge and information, neither I nor Jackson Kelly holds any interest adverse to the Estate with regarding Jackson Kelly acting as special counsel for the Trustee and Jackson Kelly and I are disinterested persons as defined in 11 U.S.C. § 101(14).

15. Although Jackson Kelly represents several unsecured creditors in other matters, to the best of my knowledge and information, and based upon Jackson Kelly's conflicts search of the Potential Parties-in-Interest in the Records Database, Jackson Kelly does not hold or represent any interest adverse to the Potential Parties-in-Interest or any party in interest as it relates to Jackson Kelly being retained as special counsel. Jackson Kelly does not perform services for any such person in connection with these chapter 7 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estate with respect to the matter on which Jackson Kelly is proposed to be employed.

16. As noted above, Jackson Kelly may have represented, or may be currently representing, one or more of the Debtor's creditors in other matters. Additionally, in the future, Jackson Kelly may be asked to represent one or more of the Debtor's creditors in other matters. However, these matters are <u>unrelated</u> to the Debtor and this proceeding.

17. To the best of my knowledge and information, neither Jackson Kelly, nor any member, counsel, or associate of Jackson Kelly is known to be related to the Debtor or any bankruptcy judge of the Southern District of West Virginia, including the Bankruptcy Judge approving the Application.

5

4858-0513-1197.v1

18. Jackson Kelly will use reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of this case. If any new material facts or relationships are discovered or arise, Jackson Kelly will use reasonable efforts to identify them and will promptly file a supplemental declaration.

19. In light of the foregoing, Jackson Kelly is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Dated: May 8, 2024

JACKSON KELLY PLLC

/s/ *Ellen S. Cappellanti*
Ellen Cappellanti (WV Bar No. 627)
Angela L. Beblo (WV Bar No. 10345)
P.O. Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Fax: (304) 340-1080
ecappellanti@jacksonkelly.com
angela.beblo@jacksonkelly.com