B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re:**<br><br>**EASTERN VAULT COMPANY, INC., et al.,**[1]<br><br>Debtors. | **Case No. 24-10025**<br>**(Jointly Administered)**<br>**Chapter 7** |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT PROCEDURES FOR CLASSES OF CONTROVERSIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(b) INCLUDING LIMITED NOTICE**

Upon the motion (the "Motion")[2] of the Chapter 7 Trustee, solely in his capacity as the Trustee for the above-captioned Debtors' Estates, for entry of an order approving (i) two proposed Classes of Avoidance Claims for settlement without motion and hearing pursuant to Bankruptcy Rule 9019(b), and (ii) Settlement Procedures for the two Classes, including the form of notice and manner of service; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and due and proper notice having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it

1 The Debtors in these chapter 7 cases are Eastern Vault Company, Inc., Case No. 24-10025; MST Concrete Products, Inc., Case No. 24-10026; Seminole Precast, LLC, Case No. 24-10027; Dellinger Precast, Inc., Case No. 24-10028; Winchester Building Supply Company, Inc., Case No. 24-10029; Precast Supply Co, Inc., Case No, 24-20074.

2 Capitalized terms shall have the same meaning as in the Motion unless otherwise defined herein.

appearing that the relief requested in the Motion is in the best interest of the Debtors' Estates; and upon due deliberation and sufficient cause appearing thereof,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Chapter 7 is hereby authorized, but not directed, to compromise and settle Avoidance Claims pursuant to the following Settlement Procedures:

a. **Approved Classes**: The following Classes of Avoidance Claims are approved for the Settlement Procedures:

i. Initial Claim Class: The Initial Claim asserted by the Trustee against a transferee is $50,000 or less per Debtor; and

ii. Settlement Amount Class: the Initial Claim is $50,001 to $100,000 per Debtor and the settlement amount is less than $50,000 per Debtor.

b. **Form of Settlement Notice**: The Settlement Notice attached as *Exhibit 1* to the Motion is approved.

c. **Service of Settlement Notice**:

i. Initial Service: Unless and until a Requesting Notice Party requests notice as provided below, the Trustee shall only be required to serve the Settlement Notice on the Initial Notice Parties by electronically filing the Settlement Notice with the Court via its Electronic Filing System, which will provide notice to the Initial Notice Parties.

ii. Procedures to Request Notice: A Requesting Notice Party who wishes to receive a Settlement Notice shall email all counsel for the Trustee with the following information:

*Email Addresses to Include in Email (must email all)*:

angela.beblo@jacksonkelly.com, chacey.malhouitre@jacksonkelly.com, ecappellanti@jacksonkelly.com, joseph.johns@jacksonkelly.com, bblickenstaff@johnswvlaw.com

*Email Subject Line*: "Eastern Vault, et al. Request for Settlement Notice-[Requesting Notice Party Name]"

*Information in Email*:

- Name of Requesting Notice Party
- Email Address for Notice
- Name of Email Recipient
- Role of Email Recipient to Requesting Notice Party (E.g., counsel, employee, representative, owner)

d. **Manner of Service of Settlement Notice**:

i. The Trustee shall only be required to serve the Settlement Notice on counsel for the Initial Notice Parties via the Court's Electronic Filing System and any Requesting Notice Parties by electronic mail, which shall constitute adequate and sufficient service of the Settlement Notice.

ii. In the event a party shows exigent circumstances regarding why it must receive a Settlement Notice via United States Mail, the Settlement Objection Deadline shall run from the date the Trustee deposits the Settlement Notice with postal service to be mailed.

e. **Objection Procedures**:

i. The Notice Parties shall have **ten (10) days** after the filing (or emailing, as applicable) of the Settlement Notice to provide a written objection to such settlement to the Chapter 7 Trustee (the "Settlement Objection Deadline")—for the avoidance of doubt, Bankruptcy Rule 9006(f) does not apply to this deadline;

ii. Objections to a settlement shall be in writing, specifically identify the settlement being objected to, the basis therefore, and shall be served on the Chapter 7 Trustee via electronic mail sent to the following email addresses before the expiration of the Settlement Objection Deadline (each a "Settlement Objection"):

- angela.beblo@jacksonkelly.com
- chacey.malhouitre@jacksonkelly.com,
- ecappellanti@jacksonkelly.com,
- joseph.johns@jacksonkelly.com, and
- bblickenstaff@johnswvlaw.com;

and

iii. If a Settlement Objection is served on the Chapter 7 Trustee, then within ten (10) days thereafter, or such longer period as the parties may agree in writing, any objection to a proposed settlement cannot be resolved, then the Chapter 7 Trustee may move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019.

iv. If no Settlement Objection is received by the Settlement Objection Deadline, the proposed settlement(s) in the Settlement Notice will be deemed final and fully authorized, and the Chapter 7 Trustee may proceed with consummating the settlement. If a Settlement Notice includes multiple proposed settlements, following the expiration of the Settlement Objection Deadline, despite the receipt of a Settlement Objection, the Chapter 7 Trustee may proceed with consummating settlements described in the Settlement Notice that are not specifically objected to and such settlements will be deemed final and fully authorized.

3. Notwithstanding anything to the contrary in the Bankruptcy Rules, this order shall be immediately effective and enforceable upon entry.

4. The Chapter 7 Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

5. The Chapter 7 Trustee may seek further leave by motion to amend or modify the Classes and the Settlement Procedures.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Presented by:

/s/ Joseph T. Johns
Joseph T. Johns (WVBN #12754)
JACKSON KELLY PLLC
501 Grant Street, Suite 1010
Pittsburgh, PA
Telephone: (412) 434-7619
Facsimile: (412) 434-8810
Email: joseph.johns@jacksonkelly.com

Ellen Cappellanti (WVBN #627)
Angela L. Beblo (WVBN #10345)
JACKSON KELLY PLLC
500 Lee Street E, Suite 1600
P.O. Box 553 (25322)
Charleston, WV 25301
Phone: (304) 340-1000
Facsimile: (304) 340-1130

ecappellanti@jacksonkelly.com
angela.beblo@jacksonkelly.com

Chacey R. Malhouitre, KY #91019 (Visiting Attorney)
JACKSON KELLY PLLC
100 W. Main St., Suite 700
Lexington, KY 40507
Phone: (859) 288-2817
chacey.malhouitre@jacksonkelly.com

*Counsel for Robert L. Johns, solely in his capacity*
*as the Chapter 7 Trustee of the Debtors' Bankruptcy Estates*